UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERIC TAYLOR AND GAIL TAYLOR, as Parents and Guardians of their minor children, )<br><br>Plaintiffs, )<br>vs. )<br>)<br>NATIONAL CITY BANK, et al., )<br>)<br>Defendants. ) | 1:07-cv-1148-SEB-WTL |

**ENTRY REMANDING ACTION TO STATE COURT**

Pursuant to 28 U.S.C. § 1446(4), "[t]he United States district court in which [a] notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *See Continental Cablevision of St. Paul, Inc. v. United States Postal Service,* 945 F.2d 1434, 1441 n.3 (8th Cir. 1991).

Applying this mandate, the present action must be **remanded** to the Marion Superior Circuit Court. The reason for this ruling is that Eric Taylor and Gail Taylor, the plaintiffs in the state court case docketed as No. 49D07-409-CT-001820, seek removal of that action, yet a plaintiff may not remove an action to federal court. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104-09  (1941) (holding that Congress intended to eliminate the right of plaintiffs to remove cases and that the removal statutes are to be strictly construed); *American Intern. Underwriters (Philippines), Inc. v. Continental Ins. Co.,* 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants."); *People of State of Ill. v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 n.7 (7th Cir.) ("the 1887 removal statute evinces a conscious purpose on the part of Congress to limit federal removal jurisdiction by allowing only defendants to have cases removed to federal court"), *cert. denied,* 459 U.S. 1049 (1982).

A separate order directing the required remand shall now issue.

**IT IS SO ORDERED.**

Date: 09/13/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana